## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No._____** |
| v. | : | |
| | : | |
| **BRIAN P. KEMP; in his official capacity as** | : | |
| **The Secretary of State of the State of Georgia,** | : | |
| | : | *Filed Electronically* |
| **Defendant.** | : | |

## COMPLAINT FOR MANDAMUS, INJUNCTIVE & DECLARATORY RELIEF

1.      Plaintiff, ROQUE "ROCKY" DE LA FUENTE (hereinafter either "Roque De La Fuente" or "Mr. De La Fuente" ), by and through his undersigned legal counsel, file this civil action for prospective equitable relief against defendant, BRIAN P. KEMP, in his official capacity as the Secretary of State for the State of Georgia, requesting emergency mandamus, preliminary and permanent injunctions and declaratory relief prohibiting defendant from enforcing GA Code § 21-2-132 (d)(1) to the extent it requires independent and political body candidates for President and Vice-President of the United States to file a slate of presidential electors on or before July 1st prior to the general election and ordering defendant to accept plaintiff's slate of presidential electors within three (3) business days after

the issuance of an appropriate Mandamus Order issuing from this Court in this matter.

## NATURE OF THE COMPLAINT

2.      This is an action to enforce rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

3.      The United States Supreme Court has established that early filing deadlines for candidates for President and Vice-President of the United States are unconstitutional.

4.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking prospective equitable relief for emergency mandamus, injunctive and declaratory relief that the July 1st deadline imposed on of GA Code § 21-2-132 (d)(1) impairs clearly established rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution .

5.      Plaintiff asks this Court for emergency mandamus relief ordering defendant to permit plaintiff to file his slate of presidential electors within three (3) business days after this Court issues an appropriate Mandamus Order in the above captioned action.

6.      Plaintiff also requests that this Court enter preliminary and permanent injunctive relief enjoining defendant from enforcing the July 1st deadline of GA Code § 21-2-132 (d)(1) for independent and political body candidates for President

and Vice-President of the United States to submit their slates of presidential electors to defendant.

7.      Plaintiffs also asks this court to declare unconstitutional those provisions of GA Code § 21-2-132 (d)(1) authorizing defendants to reject any slate of presidential electors filed by independent and political body candidates for President and Vice-President of the United States filed after July 1st preceding the general election.

8.      All of plaintiffs' foregoing allegations are based upon information and belief.

## JURISDICTION

9.      Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

10.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as plaintiff alleges violation of rights guaranteed to him under the First Amendment, as applied to the States by the Fourteenth Amendment to the United States Constitution.

## VENUE

11.     Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1391 as defendant exercises his authority

within the Northern District of Georgia, maintain offices within this district and all of the operative acts or omissions have or will occur in this district.

## PARTIES

12.     Plaintiff, Roque De La Fuente, is an independent candidate for President of the United States in the 2016 general election.  Plaintiff is a resident of the State of Florida residing at 625 West Winter Park Street, Orlando, Florida.

13.     Defendant, Brian P. Kemp, is the Georgia Secretary of State. Defendant is the supervisor and chief election official for the State of Georgia charged with enforcement of the election laws.  Defendant is charged with enforcement of GA Code § 21-2-132 (d)(1) against plaintiff.  Defendant's place of business is located at 214 State Capital, Atlanta, Georgia.

## FACTUAL ALLEGATIONS

14.     Plaintiff is an independent candidate for the office of President of the United States in the 2016 general election.

15.     GA Code § 21-2-132 (d)(1) provides, in relevant part, as follows:

(d) All political body and independent candidates shall file their notice of candidacy and pay the prescribed qualifying fee by the date prescribed in this subsection in order to be eligible to have their names placed on the election ballot by the Secretary of State or election superintendent, as the case may be, in the following manner:

(1) Each candidate for federal or state office, or his or her agent, desiring to have his or her name placed on the election ballot shall file a notice of his or her candidacy, giving his or her name, residence address, and the office he

or she is seeking, in the office of the Secretary of State either during the period beginning at 9:00 A.M. on the Monday of the thirty-fifth week immediately prior to the election and ending at 12:00 Noon on the Friday immediately following such Monday, notwithstanding the fact that any such days may be legal holidays, or during the period beginning at 9:00 A.M. on the fourth Monday in June immediately prior to the election and ending at 12:00 Noon on the Friday following the fourth Monday in June, notwithstanding the fact that any such days may be legal holidays, in the case of a general election.

16.    On or about July 12, 2016, agents for plaintiff sought to file his slate of presidential electors on the same day that plaintiff was required to file his nomination petitions to gain access to the 2016 Georgia general election ballot.

17.    Defendant's staff accepted plaintiff's nomination petitions containing in excess of the required 7,500 valid signatures of registered Georgia voters  but rejected plaintiff's slate of presidential electors pursuant to GA Code § 21-2-132 (d)(1) which, in 2016, required plaintiff to file his slate of presidential electors no later than noon on July 1, 2016.

18.    On July 28, 2016, plaintiff's legal counsel sent a letter to defendant demanding that defendant reverse his decision to reject plaintiff's attempting filing of his slate of presidential electors.

19.    On August 1, 2016, defendant replied to plaintiff's demand letter and rejected plaintiff's demand that defendant reverse his rejection of plaintiff's slate of presidential electors.

20.     The United States Supreme Court has held that early election deadlines as applied to presidential candidates is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and opined that state election laws need to allow independent presidential candidates to emerge after the conclusion of the national conventions of the traditional two major political parties.

21.     The Republican National Convention concluded on July 21, 2016.

22.     The Democratic National Convention concluded on July 28, 2016.

23.     The State of Georgia is currently the only state in the Union that enforces a pre-national party convention deadline on independent and political body candidates to name and file their slate of presidential electors.

24.     Georgia does not print the name of presidential electors on its general election ballot.

25.     Defendant's enforcement of GA Code § 21-2-132 (d)(1) severely impairs rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

26.     Defendant's enforcement of GA Code § 21-2-132 (d)(1) severely impairs rights guaranteed to Georgia voters under the First ad Fourteenth Amendments to the United States Constitution.

27.     The pre-national party convention deadline imposed on independent and political body candidates in Georgia to name and file their slate of presidential

electors pursuant to GA Code § 21-2-132 (d)(1) is not narrowly tailored to advance a state interest of compelling importance.

28.     The pre-national party convention deadline in tandem with the later deadline to file nomination petitions imposed on independent and political body candidates pursuant to GA Code § 21-2-132 (d)(1) in Georgia serves no administrative or regulatory purpose whatsoever.

29.     Plaintiff has no other adequate remedy at law.

## COUNT I
**(Constitutional Challenge to GA Code § 21-2-132 (d)(1) As Applied to Independent and Political Body Candidates for President and Vice-President of the United States in Violation of the First and Fourteenth Amendments to the United States Constitution)**

30.     Plaintiff reasserts each preceding allegation as if set forth fully herein.

31.     The pre-national party convention deadline, as applied to independent and political body candidates for President of the United States, to file their slate of presidential electors pursuant to GA Code § 21-2-132 (d)(1) imposes a severe impairment to rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

32.     The pre-national party convention deadline, as applied to independent and political body candidates for President and Vice-President of the United States, to file their slate of presidential electors pursuant to GA Code § 21-2-132 (d)(1) is not narrowly tailored to advance a compelling governmental interest.

33.     The pre-national party convention deadline to file their slate of presidential electors pursuant to GA Code § 21-2-132 (d)(1), in conjunction with the later deadline to file nomination petitions, as applied to independent and political body candidates for President and Vice-President of the United States, is not necessary to advance any legitimate state regulatory interest.

34.     Accordingly, defendant's enforcement of GA Code § 21-2-132 (d)(1) is the direct and proximate cause of the impairment of rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution for which plaintiff hereby requests relief.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      Enter emergency mandamus relief ordering defendant to accept plaintiff's slate of presidential electors filed with defendant within three (3) business days after entry by this Court of a Mandamus Order;

b.      Enter a preliminary injunction, enjoining defendant from enforcing the pre-national party convention of deadline of GA Code § 21-2-132 (d)(1) against plaintiff;

c.      Permanently enjoin defendant from enforcing GA Code § 21-2-132 (d)(1) to the extent to imposes a pre-national party convention deadline on

independent and political body candidates for President and Vice-President of the United States now and in the future;

       d.     Declare GA Code § 21-2-132 (d)(1) unconstitutional as applied to independent and political body candidates for President and Vice-President of the United States to the extent it imposes a pre-national party convention deadline to file presidential electors for independent and political body candidates;

       e.     Award plaintiff the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

       f.     Retain jurisdiction of this action and grant plaintiff such other relief which may in the determination of this Honorable Court to be necessary and proper.

Dated:  August 11, 2016                   Respectfully submitted,

   _/s/ Bryan Sells_____             _/s/ Paul A. Rossi_____

BRYAN SELLS, ESQUIRE             PAUL A. ROSSI, ESQUIRE

**ATTORNEY FOR PLAINTIFF**        *Seeking Admission Pro Hac Vice*

GA ATTORNEY ID #635562          **ATTORNEY FOR PLAINTIFF**

P.O. Box 5493                     PA ATTORNEY ID # 84947

Atlanta, GA  31107-0493           IMPG Advocates, Inc.

404.480.4212                    873 East Baltimore Pike

Email:  bryan@bryansellslaw.com     Suite #705

                               Kennett Square, PA  19348

                               717.961.8978

                               Email:  Paul-Rossi@comcast.net